NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

_____
                                  :
LAUREN KANE, et al.,              :
                                  :
          Plaintiffs,             :     Civil No. 01-6002 (RBK)
          v.                      :
                                  :     **OPINION**
U-HAUL INTERNATIONAL, INC.,       :
 et al.,                          :
                                  :
          Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on its own motion pursuant to Federal Rule of Civil Procedure 12(h)(3). For the reasons set forth below, the above captioned case will be dismissed for lack of subject matter jurisdiction.

## I.   Background

In 1997, Plaintiff Martin S. Feierstein ("Feierstein") entered into an agreement with U-Haul Southern New Jersey ("U-Haul") to rent a storage unit in Pennsauken, New Jersey. Plaintiff Lauren Kane ("Kane") entered into a similar contract with U-Haul in 1998. In April 2001, Plaintiffs discovered that the property they put in the storage units was damaged as a result of water leaking into the facility through a roof that needed to be replaced.

The contracts signed by both Feierstein and Kane included

exculpatory clauses relieving U-Haul from any liability for negligence. Both agreements also contained offers to provide customers with up to $15,000.00 of insurance coverage if the customer agreed to pay an additional monthly premium. Kane accepted the offer of insurance; Feierstein declined.

Plaintiffs filed suit in the District of New Jersey in December 2001 against Defendants Republic Western Insurance Company ("Republic Western"), U-Haul Southern New Jersey (improperly pleaded as U-Haul International, Inc., and U-Haul Storage, Inc.), Three Sac Self Storage, Donald Cesaretti, and Vicki Cesaretti (collectively, "Defendants"). On March 30, 2004, the Honorable Stanley S. Brotman granted Defendants' motion of summary judgment on all claims, in part on the basis that the exculpatory clauses in Kane and Feierstein's contracts with U-Haul were valid and applicable under New Jersey Law, relieving U-Haul of any liability. Plaintiffs appealed Judge Brotman's Order, which is presently pending decision before the Third Circuit Court of Appeal. The case was reassigned to the Honorable Robert B. Kugler on August 29, 2005.

Now remaining before the Court is Kane's claim for breach of contract against Republic Western. This is the sole live claim still pending in this suit, and Kane is the sole plaintiff. Specifically, Kane alleges that Republic Western gave her $500.00 to use for moving expenses, but has tendered no additional money

to compensate Kane for her loss. Republic Western does not dispute the validity of Kane's contract for insurance, only the value of the damaged property. On July 6, 2004, Judge Brotman granted Defendant's Motion to Deposit Remaining Policy Limits with the Court pursuant to Federal Rule of Civil Procedure 67, thereby tolling the accrual of prejudgment interest; however, to date, Kane has received only $500.00.

In his Order of March 30, 2004, Judge Brotman determined that Republic Western did not act in bad faith, and that Kane and Feierstein obstructed and delayed Defendants from investigating the claim. After discovering the water damage, Kane met with an insurance adjuster to inspect the units. Kane provided an inventory list approximately three and a half months later, claiming losses of over $120,000.00. Defendants then hired an appraiser to inventory and value the damage; however, it appears that Plaintiffs would not permit Defendants to inspect their property. From October 10, 2001, until November 13, 2002, Defendants made a number of requests for inspection, but Plaintiffs continued to refuse any appraisal.

During a pretrial status conference held before this Court on October 12, 2005, Kane acknowledged that the full amount in controversy is $14,500.00, comprised of the insurance policy limit of $15,000.00, less the $500.00 already tendered to Plaintiff. Kane further conceded that her sole additional claim

3

is for prejudgment interest.

During the status conference, Republic Western offered to stipulate to Kane's loss up to the policy limit of $15,000.00, and pay the remaining $14,500.00, which had already been tendered to the court. Kane refused this offer even though she agreed that she would be unable to recover more than $14,500.00. Republic Western also claims that it had previously offered the remainder of the limit of coverage to Plaintiffs' former attorney, Greg Noonan, who refused the offer.

In a letter to the Court written October 12, 2005, Republic Western stipulated "to Plaintiff Kane's loss of $15,000.00," and further stipulated that "it tendered the full amount of the insurance policy, $15,000.00, to satisfy Plaintiff's claim on the insurance policy."

## II.  Diversity Jurisdiction

This Court's jurisdiction over the present suit is founded on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff and Defendant are citizens of different states and the complaint pleaded an amount in controversy over $75,000.00. Although the amount in controversy is now $14,500.00, and therefore insufficient for diversity jurisdiction, this Court retains jurisdiction because diversity jurisdiction is assessed at the time the action is filed, and "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be

divested by subsequent events." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

## III.      Discussion

Article III of the United States Constitution limits the federal judicial power to actual cases and controversies. Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964). "When the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Powell v. McCormack, 395 U.S. 486, 496 (1969).

Where a defendant has offered the plaintiff the full amount that the plaintiff could recover, the case becomes moot for lack of a case or controversy. Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004) ("An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation.")(citing Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir.1991)("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate.")). The case becomes moot even if the plaintiff refuses to accept the defendant's offer. Rand, 926 F.2d at 598 ("A plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.").

Because "federal courts do not sit simply to bestow vindication in a vacuum," a federal court is required to dismiss a suit for lack of jurisdiction once a defendant has made an offer of complete relief. <u>Zimmerman v. Bell</u>, 800 F.2d 386, 390 (4th Cir. 1986) (holding that there is no case or controversy where "defendants had offered [plaintiff] the full amount of damages ($3,281.25) to which she claimed individually to be entitled."); <u>see also</u> <u>Abrams v. Interco Inc.</u>, 719 F.2d 23, 32 (2d Cir. 1983).

During the status conference of October 12, 2005, Republic Western offered to pay Kane $14,500.00, the full amount in controversy. Since this was an offer of complete relief, no case or controversy remains and this Court lacks jurisdiction over the suit. Accordingly, this Court must dismiss the case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The accompanying Order shall issue today.


Dated: __10-14-2005__      __s/ Robert B. Kugler__
                           ROBERT B. KUGLER
                           United States District Judge

6